IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BRYAN ALBERT CARPENTER, PRO SE, also known as BRYAN A. CARPENTER, TDCJ-CID No. 1474552, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:13-CV-0024 |
| LETICIA CHAVEZ, NP; TASHA JAMES, Administrator; DR. NFN LEAH, Head Physician; and WARDEN NFN VOLGELGESANG, Head Warden, | § § § § § § | |
| Defendants. | § § | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff BRYAN ALBERT CARPENTER, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff asserts a claim of deliberate indifference to his serious medical needs by the defendants.

Plaintiff requests the Court "[c]ompell [sic] the medical department to take adequate steps to properly diagnose and care for my back ailments."

### JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff says he injured his back in a construction accident in 1984 and is suffering from Degenerative Disc Disease. He complains that he has requested an MRI, a back brace or cane, a Lidoderm patch, and a Colchicine injection to relieve his pain and each request was denied.

Plaintiff sues defendant CHAVEZ, N.P., because she denied his requests and has treated him with Ibuprofen and back exercises, which he maintains are ineffective. Plaintiff sues defendant JAMES for failing to overrule defendant N.P. CHAVEZ' treatment. Plaintiff sues defendant Dr. LEAH for failing to oversee the medical staff and procedures. Lastly, plaintiff

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

sues defendant Warden VOLGELGESANG for "lack of procedural oversight of medical department."

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).

Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff is dissatisfied with the treatment he is receiving from defendant CHAVEZ; however, he has not alleged any fact(s) indicating he is in substantial risk of serious harm or that defendant CHAVEZ knows of such a risk and has ignored it. As long as medical personnel

exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo,* 457 U.S. 307, 322-23, 102 S.Ct. 2452, 2461-62, 73 L.Ed.2d 28 (1982). Plaintiff's allegations, while they might support a claim of negligence, will not state a claim under section 1983. *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993).

"[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993). Although it is clear plaintiff feels he should have been provided additional testing and alternative medical treatment, plaintiff's allegations do not state a claim of constitutional dimension. *Varnado v. Collins,* 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff sues defendant JAMES and defendant Dr. LEAH for failing to overrule defendant CHAVEZ' treatment and failure to properly supervise the medical department. Plaintiff does not indicate either JAMES or Dr. LEAH was personally involved in his treatment and it appears his claims against them are based solely upon their supervisory positions.

Plaintiff's claim against defendant Warden VOLGELGESANG for "lack of procedural oversight of medical department" is also based upon his supervisory position as warden.

The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt,* 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones,* 641 F.2d 345, 346 (5th Cir.1981) *(per curiam).* Plaintiff has alleged no fact demonstrating personal involvement by defendants JAMES, Dr. LEAH, and/or Warden VOLGELGESANG and has alleged no fact

showing any causal connection between their acts or omissions and the alleged constitutional violation. Consequently, plaintiff's allegations against these defendants fail to state a claim on which relief can be granted.

## CONCLUSION

Pursuant to Title 28 U.S.C. sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff BRYAN ALBERT CARPENTER be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

THIS DISMISSAL QUALIFIES AS A "STRIKE" UNDER THE PRISON LITIGATION REFORM ACT.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.

The Clerk shall also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ—Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 9362159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342–0629, fax: 936-437–4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three–Strikes List.

It is SO ORDERED.

Signed this the _____2nd_____ day of April, 2013.

_____
MARY LOU ROBINSON
United States District Judge